MARSCHING et al. v. UNITED STATES.

(Circuit Court, S. D. New York. March 13, 1902.)

No. 2,930.

CUSTOMS DUTIES—LAME.

An importation consisting of metallics produced by cutting lame into very minute scales, of definite size, is properly assessed as lame, under Tariff Act 1897, par. 179, first clause, and not as an article made of lame, under the last clause thereof, providing for laces, embroideries, braids, galloons, trimmings, or other articles made of lame.

Appeal by the Importers from a Decision of the Board of United States General Appraisers.

Albert Comstock, for the importers.
D. Frank Lloyd, Asst. U. S. Atty.

COXE, District Judge (orally). The importation in this case consists of "metallics produced by cutting lame into minute pieces of definite size." It was assessed for duty under the last clause of paragraph 179 of the act of 1897. The importer insists that it should have been assessed under the first clause of the paragraph. The first clause of paragraph 179 provides for "tinsel wire, lame or lahn, made wholly or in chief value of gold, silver or other metal, five cents per pound." The last clause provides for "laces, embroideries, braids, galloons, trimmings, or other articles made wholly or in chief value of tinsel wire, lame or lahn, bullion, or metal threads." There is no satisfactory definition in the record of the words "lame" or "lahn." The Century Dictionary defines "lame" as follows: "A plate; a blade; a thin plate; see lamina." "Lamina" is defined in the same dictionary as "a thin plate or scale; a thin plate of wood, metal, etc.; a leaf, layer," etc. In the form imported the lame consists of very minute scales, which might almost be considered powder. The court is of the opinion that in this form the importation cannot be regarded as an article made wholly or in chief value of lame. It is not an article made of lame; it is lame itself in a comminuted form. But even if this interpretation be incorrect, it is entirely clear within the well recognized doctrine of noscitur a sociis that it cannot be classed among the articles made of lame which congress intended to cover by the last clause in question, for that clause relates to laces, embroideries, braids and other similar articles.

It follows that the contention of the importer is correct and that the decision of the board of general appraisers must be reversed.